Weygandt, C. J.,
dissenting. In the majority opinion it is stated that the trial court charged the jury the defendants were insurers of the reasonably safe condition of the premises.
However, the defendants themselves do not so understand the charge, and the plaintiff does not contend that the defendants were insurers. In the Court of Appeals there was no assignment of error relating to the charge, and there is none in this court. In fact the trial court expressly instructed the jury that “the proprietor of the premises so inviting another thereon is not an insurer that the premises are actually safe,” and stated also that it is his “duty to exercise ordinary care.” (Italics supplied.) Furthermore, in its opinion upon an application for rehearing the Court of Appeals observed that there was “no complaint as to the charge of the court to the jury. ’ ’
The sole assignment of error in this court is that the trial court erred in submitting the case to the jury.
The Court of Appeals was of the view that “under the related facts there was liability upon the part of *333 the defendants to plaintiff whether the relationship be termed that of invitee or licensee.” But, according to the majority opinion of this court, the plaintiff was not an invitee in spite of the fact that he was expressly invited by his friends, the defendants, to their home. They knew he was coming that night; they knew he had not been on the premises previously; there was no walk leading from the sidewalk to the front entrance of the house; the hole in the lawn was nearly a foot deep and two or three feet wide and located within several feet of the front steps; this hole had been there several months; before the plaintiff arrived the defendants left the house after turning out all the lights on the front of the house and those in the front rooms; the only light left burning was in the kitchen at the rear of the house; and there was no street light in the immediate vicinity.
Is it too much to say that under these circumstances the defendants owed their friend the duty simply to exercise ordinary care for his safety?
It would seem that the courts below were not in error in holding that a jury question was presented.
Zimmerman, J., concurs in the foregoing dissenting opinion.